**In re Joseph Byrns HUTCHISON, Lyndall Barnes Hutchison, Debtors.**

**CARPET SERVICES, INC., Plaintiff,**

**v.**

**Joseph B. HUTCHISON, Defendant.**

**Bankruptcy No. 94–45097–H5–7.
Adv. No. 95–4282.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Sept. 20, 1995.

Jeffery B. Kaiser, Houston, Texas, for Plaintiff.

David B. Foltz, Jr., Houston, Texas, for Defendant.

## ORDER

KAREN KENNEDY BROWN, Bankruptcy Judge.

Before the Court is the Motion to Permit Late Filing of Complaint Objecting to Discharge of Debtor, Joseph B. Hutchison, filed by Carpet Services, Inc. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding.

Carpet Services, Inc. is a creditor of the debtor, Joseph Byrns Hutchison, and instituted litigation against debtor in state court in 1991. This litigation remains pending. Now Carpet Services, Inc. desires to file a complaint to determine the dischargeability of its debt although more than sixty days has passed since the creditors meeting. See Fed. R.Bankr.P. Rule 4007(c).

Hutchison filed a chapter 7 petition on July 28, 1994. Debtor scheduled Carpet Services, Inc. with its name in care of its attorney in the state court lawsuit and did not otherwise notify Carpet Services, Inc. of the pending bankruptcy. There is no dispute that the attorney's address was correctly listed and

that he has officed at the same address throughout these proceedings.

Carpet Services, Inc.'s attorney urges that he did not receive the Court's Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates (Notice of Commencement of Case) which was issued August 10, 1994, and which notified creditors that the deadline for filing a complaint for determining dischargeability of debts and objecting to discharge of Hutchison was November 5, 1994. Carpet Services, Inc.'s attorney testified that no mention of debtor's bankruptcy was made in the pending state court lawsuit and both parties had proceeded to prepare the case for trial as though no bankruptcy were pending. Carpet Services, Inc.'s attorney testified that the first notification he received of the bankruptcy was on November 21, 1994, when he received and reviewed the Trustee's Notice of Hearing for the Trustee's Objection to Property Claimed as Exempt.

Carpet Services, Inc. asserts that good cause exists pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 4007(c) to permit late filing of its complaint because it received no actual notice of this bankruptcy proceeding until November 21, 1994, when its state court attorney received and reviewed the Trustee's Notice of December 6, 1994 Hearing. Debtor asserts that Carpet Services, Inc. was properly scheduled and that debtor did all that was required under the Bankruptcy Code and rules to notify Carpet Services, Inc. of the pending bankruptcy. Therefore, debtor urges that the deadline for filing a dischargeability complaint cannot be extended and Carpet Services, Inc.'s debt is discharged.

Bankruptcy Code section 523(a)(3)(B) provides:

**Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt—

. . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

. . . .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; . . .

Under this section a creditor may be discharged if it is listed or scheduled or if it has notice or actual knowledge of the case in time to file a timely request for a determination of the dischargeability of its debt.

The parties in the instant matter have assumed that scheduling the creditor Carpet Services, Inc. in care of the office of its state court attorney is sufficient for notice purposes under section 523(a)(3). The Court concludes, however, that proper scheduling of a creditor requires listing the creditor at its own address or at least that of an agent designated for service of process. The Court is mindful that an appropriate address for service on a creditor may change throughout the course of a case by virtue of a notice of appearance filed pursuant to Fed.R.Bankr.P. 2002(g) or by the filing of a proof of claim with a different address, but the initial scheduling which occurs before a creditor or its attorney has made an appearance in the case should be the creditor's own address if it has one.

Fed.R.Bankr.P. Rule 1007(a)(1) provides:
(a) **List of Creditors and Equity Security Holders.**
(1) *Voluntary Case.* In a voluntary case, the debtor shall file with the petition a list containing the name and address of each creditor unless the petition is accompanied by a schedule of liabilities.

Bankruptcy Local Rule 1002(c) provides that the petitioner shall file a mailing list of creditors showing their complete names and addresses, including zip codes. The rules make no mention of scheduling creditors at the address of their last known attorney. *See Midlantic Nat'l. Bank v. Kouterick (In*

*re Kouterick),* 161 B.R. 755, 758 (Bankr. D.N.J.1993) ("Rule 1007(a)(1) provides that the debtor shall file a list containing the names and addresses of each creditor; no mention is made of attorneys."); *In re Horton,* 149 B.R. 49, 60 (Bankr.S.D.N.Y.1992) ("... [T]he Bankruptcy Code and Rules only require that notice be sent to the creditor, not to a creditor's counsel even if that counsel is known."); *In re Szczepanik,* 146 B.R. 905, 912 (Bankr.E.D.N.Y.1992) ("The Bankruptcy Rules require a debtor's schedule to list 'the name and address of each creditor.' An attorney's name is not an address.")

It is well recognized that an attorney's actual notice of the pendency of a bankruptcy may be imputed to his client if it occurs within the scope of the attorney-client relationship. *See e.g. In re Sam,* 894 F.2d 778 (5th Cir.1990); *GAC Enters., Inc. v. Medaglia (In re Medaglia),* 52 F.3d 451 (2nd Cir. 1995); *In re Price,* 79 B.R. 888 (9th Cir. B.A.P.1987), *aff'd,* 871 F.2d 97 (9th Cir.1989); *Hecht v. Hatch (In re Hatch),* 175 B.R. 429 (Bankr.D.Mass.1994); *In re Savage,* 167 B.R. 22 (Bankr.S.D.N.Y.1994); *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990); *In re Silver,* 107 B.R. 328 (Bankr.D.N.M.1989); *In re Walker,* 91 B.R. 968 (Bankr.D.Utah 1988) *aff'd,* 103 B.R. 281 (D.Utah 1989), *aff'd in part and rev'd in part, remanded,* 927 F.2d 1138 (10th Cir.1991); *In re Slaiby,* 57 B.R. 770 (Bankr.D.N.H.1985); *In re Frankina,* 29 B.R. 983 (Bankr.E.D.Mich.1983); *In re Fulton,* 3 B.R. 600 (Bankr.E.D.Mich.1980). But, the Court finds that in the instant case, Carpet Services, Inc.'s state court attorney had no actual notice or knowledge of debtor's bankruptcy. Indeed, there was nothing to even incite inquiry on his part.

■ Due process requires "notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Actual timely notice to a creditor's attorney of the pendency of a bankruptcy may meet this requirement. The Court concludes, however, that imputed notice to a creditor's attorney does not. Moreover, "[g]enerally ... an attorney's representation of a party in one action does not make the attorney an agent for the party in an unrelated case between the same parties." *Maldonado v. Ramirez,* 757 F.2d 48, 51 (3rd Cir.1985). *See also Durbin Paper Stock Co. v. Hossain,* 97 F.R.D. 639 (S.D.Fla.1982).

■ Since Carpet Services, Inc. was not properly scheduled and had no actual notice or knowledge of the case, 11 U.S.C. § 523(a)(3)(B) provides that the debt is not discharged if it is of a kind specified in section 523(a)(2), (4), or (6). In order to determine whether the debt owed to Carpet Services, Inc. is of this type a trial on the merits is necessary.

Based on the foregoing, it is

**ORDERED** that Carpet Services, Inc. is authorized to file its complaint to determine the dischargeability of its debt under 11 U.S.C. § 523(a)(2), (4), or (6) within thirty days of this Order.