_____

No. 96-2573
_____

In re: David Allen Hairopoulos,    *
                                   *
         Debtor.                   *
                                   *
                                   *
United States of America,          *
acting by and through the          *   Appeal from the United States
Internal Revenue Service,          *   District Court for the Eastern
                                   *   District of Missouri.
         Appellee,                 *
                                   *
     v.                            *
                                   *
David Allen Hairopoulos,           *
                                   *
         Appellant.                *

                          _____

                                    Submitted: January 16, 1997

                                       Filed:     July 7, 1997
                          _____

Before RICHARD S. ARNOLD, Chief Judge, ROSS and BEAM, Circuit Judges.
                          _____

ROSS, Circuit Judge.

David Allen Hairopoulos (debtor) appeals from the judgment of the district court,[1] holding that the claim of the Internal Revenue Service (IRS) against debtor's estate is not discharged because the IRS did not receive proper notice of the bankruptcy proceedings. We affirm.

I.

Debtor filed a Chapter 7 petition on January 15, 1988, and listed appellant IRS on the statement of liabilities and the mailing matrix with the notation "for notice purposes only." On January 28, 1988, the bankruptcy court issued a notice, setting the first meeting of creditors pursuant to 11 U.S.C. § 341(a). The notice directed creditors "<u>NOT</u>" to file claims (emphasis in original), because debtor's "schedules indicate no assets exist from which to receive a dividend." The notice further provided that "[a]ny claims received in this case will not be processed or acknowledged."

The bankruptcy court granted debtor's motion to convert to Chapter 13 by order dated May 23, 1988. The service list showed service of the conversion order on debtor's attorney, an attorney for Miller Brewing Company, the Chapter 7 trustee, the Chapter 13 trustee, and the debtor, but not the IRS. Debtor filed his Chapter 13 plan with the bankruptcy court on June 3, 1988; debtor's tax liabilities were not specifically mentioned anywhere in the plan.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

On July 8, 1988, the bankruptcy court issued a combined notice of conversion, notice of creditors' meeting, notice of the confirmation hearing, and notice that the claims bar date in the Chapter 13 case was November 8, 1988. The certificate of mailing indicates that eleven copies of the notice were mailed but there was no identification of the parties to whom the notices were sent. The IRS contends it did not obtain a copy of the notice until February 1990. Debtor's Chapter 13 plan was confirmed by the bankruptcy court on September 30, 1988. Again, the IRS claims it did not receive a copy of the confirmation order.

Sometime in February of 1990, the IRS reviewed the bankruptcy court's file on the debtor and at that time retrieved a copy of the July 8, 1988 notice of conversion. According to the IRS, this was the first time that the IRS became aware that the debtor's case had been converted to a Chapter 13 proceeding and that a bar date had been set and expired. In the meantime, debtor made all of his payments under the plan, and on April 24, 1991, he received his discharge under 11 U.S.C. § 1328(a). The IRS received a copy of the discharge order on September 18, 1991, but because it did not have a proof of claim on file, it received no distribution under the plan. On November 7, 1992, the IRS instigated actions against debtor to collect unpaid federal income taxes, interest, fraud and other penalties for the 1982-1984 taxable years. The basis for the assessments was the determination that debtor had received, but had not reported, income totaling $187,000 for the relevant tax years by way of embezzlement from Miller Brewing Company.

Upon learning of the IRS's collection efforts, debtor moved to reopen his Chapter 13 case and to pursue the IRS for violation of the discharge injunction.

Debtor's motion to reopen was granted and on December 22, 1992, debtor filed the instant complaint to enforce the discharge. On June 14, 1993, the bankruptcy court entered an order, concluding that the IRS's claim was discharged under § 1328(a) because debtor's Chapter 13 plan "provided for" the claim by properly tracking the requirements of § 1322(a)(2), which generally requires full payment of all unsecured priority claims, even though the IRS claim was not listed in the statement of liabilities.[2] Although the court found that its records on the issue of service were "inconclusive," it observed that the IRS had notice of the Chapter 7 filing and had received notice of the Chapter 13 conversion at a time when the case was still pending, although more than a year after the claims bar date had passed. The court concluded that the IRS was on inquiry notice that its claim might be affected, and it suggested that the IRS should have come forward with a motion to file out of time.

On review, the district court reversed, finding that "the IRS claim was not provided for under the plan," and thus could not be discharged, "because notice to the

---

[2]Paragraph 2 of the debtor's Chapter 13 plan provides in part:

> (a) <u>Administrative Expenses</u>. The Trustee shall pay all administrative expenses in full in deferred cash payments, to all claims entitled to priority under § 507 of Title 11, including but not limited to any attorneys [sic] fees for the Debtor that shall remain outstanding as of the date of confirmation.
>
> (b) <u>Unsecured Claims</u>. After payment in full of all administrative and priority claims and expenses, the remaining payments made by the Debtor to the Trustee shall be applied to satisfy all allowed unsecured claims, as set forth below . . . .

IRS was insufficient." The court held that notice of the filing of a Chapter 7 case "specifically requesting that the IRS not file proofs of claim did not put the IRS on inquiry notice of a subsequent conversion of the plan to chapter 13." Concluding that this kind of "notice" was insufficient, the district court reversed the decision of the bankruptcy court.

II.

On review, both the district court and the court of appeals are bound by the bankruptcy court's factual findings unless they are clearly erroneous, while the legal conclusions of the bankruptcy court are subject to <u>de novo</u> review. <u>First Nat'l Bank of Olathe, Kan. v. Pontow</u>, 111 F.3d 604, 609 (8th Cir. 1997). Here, the district court did not determine that the factual findings of the bankruptcy court were clearly erroneous. Instead, the district court reversed the bankruptcy court's conclusion that the notice given the IRS was legally sufficient.

A debtor who completes his payments under a Chapter 13 plan is entitled (with certain exceptions not relevant here) to a broad discharge of "<u>all debts provided for by the plan</u> or disallowed under section 502 of [the bankruptcy code]." 11 U.S.C. § 1328(a)(emphasis added). A debt is "provided for" by a Chapter 13 plan where the plan acknowledges the debt, even if the plan does not propose to make any payments on the claim. <u>In re Gregory</u>, 705 F.2d 1118, 1122 (9th Cir. 1983). Further, in order to provide for an unsecured tax claim, the plan itself does not always have to specifically name the governmental creditor. Instead, it may be "sufficient if the plan provides for full payment of priority unsecured claims and payment of some percentage on

-5-

nonpriority unsecured claims." In re Ryan, 78 B.R. 175, 177-78 (Bankr. E.D. Tenn. 1987); see also In re Vlavianos, 71 B.R. 789, 792-93 (Bankr. W.D. Va. 1986). However, a claim cannot be considered to have been provided for by the plan if a creditor does not receive proper notice of the proceedings. Ryan, 78 B.R. at 183; In re Greenburgh, 151 B.R. 709, 716 (Bankr. E.D. Pa. 1993) ("an omitted creditor, who receives no notice of any significant events in a Chapter 13 case, will not have the debt owed to that creditor discharged"); In re Cash, 51 B.R. 927, 929 (Bankr. N.D. Ala. 1985) ("it would be a strained construction to view the plan as providing for a debt owed to a creditor, when the debtor omits the debt and creditor from the Chapter 13 statement") (emphasis in original). The debtor agrees in his brief that a failure of the IRS to receive legally sufficient notice may provide a basis for finding that the IRS was not bound by such a plan.

The district court agreed with the bankruptcy court's finding that debtor's Chapter 13 plan "deals with" the IRS claim by tracking the requirements of § 1322(a)(2) if, in fact, the IRS had received proper notice. However, the court held that it is clear from the record that the debtor did not prove that the IRS had actual knowledge of debtor's Chapter 13 conversion until February of 1990, while the case was still technically pending, but after the creditors' meeting, the plan's confirmation, the proof of claims process, and the claims bar date. The district court concluded that under this set of facts, the IRS claim was not provided for under the plan, because notice to the IRS was insufficient.

Both statutory and constitutional implications arise when a creditor fails to receive adequate notice of the bankruptcy proceedings. 11 U.S.C. § 342(a) provides

that "[t]here shall be given such notice as is appropriate . . . of an order for relief in a case under this title." Rule 2002 of the Federal Rules of Bankruptcy Procedure further specifies that the clerk of the bankruptcy court shall give notice to all creditors of, inter alia, a conversion to another chapter, the creditors' meeting, the claims bar date, the time for modification of a plan and for objections to confirmation, and the confirmation order. The burden of establishing that a creditor has received appropriate notice rests with the debtor. See, e.g., In re Savage Indus., 43 F.3d 714, 721 (1st Cir. 1994); In re Horton, 149 B.R. 49, 57 (Bankr. S.D.N.Y. 1992). A letter properly addressed and mailed is presumed to have been delivered to the addressee. Id. However, in the present case this presumption was not invoked where the bankruptcy court found that the record on the issue of service was "inconclusive."

The constitutional component[3] of notice is based upon a recognition that creditors have a right to adequate notice and the opportunity to participate in a meaningful way in the course of bankruptcy proceedings. See City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("The

---

[3]Although the government does not have a constitutional right to due process, courts have construed the notice requirements of the bankruptcy code to apply to "all creditors," vesting the government "with a right akin to due process." In re Interstate Cigar Co., 150 B.R. 305, 309 (Bankr. E.D.N.Y. 1993). See also In re Friedman, 184 B.R. 883, 888 n.1 (Bankr. N.D.N.Y. 1994) (adequate notice to government entities must satisfy requirements of "fundamental fairness"); United States v. Cardinal Mine Supply, Inc., 916 F.2d 1087, 1091 (6th Cir. 1990). The legislative history of the notice requirement in 11 U.S.C. § 342 provides that "[d]ue process will certainly require notice to all creditors . . . . State and Federal governmental representatives responsible for collecting taxes will also receive notice." S. Rep. No. 95-989, at 42 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5828.

statutory command for notice embodies a basic principle of justice -- that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights."); Reliable Elec. Co. v. Olson Constr. Co., 726 F.2d 620, 623 (10th Cir. 1984) ("the discharge of a claim without reasonable notice . . . is violative of the fifth amendment"); In re Avery, 134 B.R. 447, 448 (Bankr. N.D. Ga. 1991) ("fundamental due process mandates that a creditor be given notice and opportunity to participate"). "Reasonable notice" is defined by the Supreme Court as "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

The opportunity to participate in the bankruptcy proceedings is of obvious importance to creditors. In Greenburgh, 151 B.R. at 713, the court observed that "the addition of a creditor, at a late stage in a case, is inherently problematic" and emphasized the "recognition that creditors have a right to adequate notice and the opportunity to participate in hearings/meetings in the course of a bankruptcy case, e.g., the meeting of creditors, the confirmation hearing, and/or other processes, such as the proof of claim process, before disallowance or discharge of their claims." Id. at 715. See also In re Martinez, 51 B.R. 944, 947 (Bankr. D. Colo. 1985) ("Inasmuch as . . . Chapter 13 proceedings are subject to the Due Process Clause . . . creditors must be notified of all vital steps . . . in order to afford them an opportunity to protect their interests."). Debtor's argument that the IRS had a duty to seek leave to file a late proof of claim, well after expiration of the claims bar date and the conclusion of other significant events in the bankruptcy process, undermines the very rationale for granting parties the right to participate in bankruptcy proceedings.

The bankruptcy court found that the motion to convert to a Chapter 13 was not served on the IRS and acknowledged the IRS's unrefuted testimony that it did not receive the July 8, 1988 notice of conversion at the time the notice was mailed by the court. The bankruptcy court characterized the record on the issue of service of notice as "inconclusive," and stated that the record was also "unclear" as to when the IRS received the Chapter 13 plan and statement. The district court held, based on the bankruptcy court's factual findings, that the debtor failed to prove that the IRS had actual knowledge of the debtor's Chapter 13 conversion until February 1990, well after the expiration of the claims bar date, thereby depriving the IRS of the opportunity to participate in the creditors' meeting, the confirmation hearing, or the entire proof of claims process.

Debtor disagrees with the district court's conclusion that he failed to prove that the IRS had actual notice of the Chapter 13 conversion prior to February 1990, referring to a notice of attorney's fee application mailed to all creditors by debtor's counsel on January 11, 1989. Initially we note that, contrary to debtor's argument, William Fick of the IRS Special Procedures Division did, in fact, deny receipt of this document. Further, the debtor admits that the notice was not mailed until after the claims bar date of November 3, 1988, had expired. This document, even if received, certainly cannot serve as meaningful actual notice of the Chapter 13 conversion.

Debtor further argues that even if the IRS did not have actual notice prior to the claims bar date, that as a matter of law the IRS's notice of debtor's Chapter 7 petition placed the IRS under inquiry notice and that this inquiry notice served to allow the discharge of the IRS's claim. See In re Gregory, 705 F.2d 1118, 1123 (9th cir. 1983)

(when the holder of a claim "receives any notice from the bankruptcy court that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected"). While we recognize that in some circumstances a creditor may be discharged because it failed to properly further inquire once it had some notice of bankruptcy proceedings, the focus of the due process inquiry is on "the duty of the debtor [or in this case the bankruptcy court] to give notice of the relevant dates, not on the relative ease with which a creditor can obtain the information without such notice." In re Interstate Cigar Co., 150 B.R. 305, 309 (Bankr. E.D.N.Y. 1993). In City of New York, 344 U.S. 293, the city, a known creditor of the debtor who had filed an application for reorganization under the bankruptcy code, was given notice only by publication. Later the city had actual knowledge that the reorganization of the railroad was taking place in bankruptcy court. In holding that the city's claim was not barred because of its knowledge, the Supreme Court declared:

> Nor can the bar order against New York be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred.

Id. at 297.

Further, we note the distinction between a Chapter 7 proceeding, where the government could reasonably assume that its tax claim was nondischargeable, see 11 U.S.C. § 523(a)(1)(A), and a Chapter 13 proceeding where the tax claim does not fit within an exception to the discharge provision. See 11 U.S.C. § 1328(a). Presumably, the government's response to notice of a Chapter 13 conversion would have been substantially different, knowing its claim was now at risk.

Cases cited by the debtor to support his argument that the IRS was on inquiry notice are factually inapposite to the instant case. For example, in In re Alton, 837 F.2d 457, 459 (11th Cir. 1988), inquiry notice was imputed where, unlike the present case, the creditor received actual notice of the Chapter 11 reorganization, although it did not receive notice of the creditors' meeting or the claims bar date. Similarly, in In re Marino, 195 B.R. 886 (Bankr. N.D. Ill. 1996), the court upheld dischargeability of a claim where the creditor's attorney had actual knowledge of the bankruptcy two months before the bar date although no formal bar date notice was sent by the bankruptcy clerk. Id. at 897. The court reasoned that "[w]ith two months of actual notice, [creditor] had plenty of time to file his dischargeability complaint or seek an extension of time to do so before the bar date." Id. at 896. Here, there was no showing in the record, as characterized by the bankruptcy court, that the IRS received actual notice of the Chapter 13 proceedings prior to the claims bar date. Finally, In re Messics, 159 B.R. 803, 806 (Bankr. N.D. Ohio 1993), is distinguishable where the bankruptcy court made the factual determination that the conversion notice was duly sent and not returned as undelivered. The bankruptcy court concluded that debtor Messics met his burden of proving that the IRS had notice of the conversion. Here, the

bankruptcy court did not reach this conclusion with respect to notice of the Chapter 13 conversion.

We agree with the district court that this type of no-asset notice, explicitly directing the creditors not to file claims because they will not be processed or acknowledged, cannot be the type of notice that put the IRS on inquiry notice that its claim may be further affected. No duty to inquire could be imposed under the facts of this case.

III.

In sum, we conclude that any "notice" given in this case was insufficient to satisfy due process and fundamental fairness. As such, the taxes were not "provided for" by the plan and were therefore not discharged under § 1328(a). Accordingly, we affirm the order of the district court, entering judgment in favor of the IRS on debtor's complaint to enforce discharge.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-12-