In re Brian J. KELLY, Debtor.

Brian J. Kelly, Debtor–Appellant,

v.

Peter F. Herrell, Trustee–Appellee,

and

C & A Investments, Creditor–Appellee
and Cross–Appellant.

In re Brian J. Kelly, Debtor.

C & A Investments, Creditor–Appellant,

v.

Peter F. Herrell, Trustee–Appellee,

and

Brian J. Kelly, Debtor–Appellee
and Cross–Appellant.

Nos. 07–C–0075–C, 07–C–0079–C.

United States District Court,
W.D. Wisconsin.

July 24, 2007.

Peter Herrell, Eau Claire, WI, for Brian J. Kelly.

Daniel Freund, Eau Claire, WI, for C & A Investments.

D. Alexander Martin, Madison, WI, for Patricia J. Kelly.

## OPINION and ORDER

BARBARA B. CRABB, District Judge.

These appeals are before the court on creditor C & A Investments' appeal from a final judgment of the United States Bankruptcy Court for the Western District of Wisconsin and on debtor Brian J. Kelly's appeal from the same judgment. The appeals challenge closely related rulings by United States Bankruptcy Judge Thomas S. Utschig and arise from related facts.

Creditor challenges the bankruptcy court's dismissal of the case, contending that it was not afforded adequate notice and opportunity to be heard before the case was dismissed. Debtor challenges the lack of notice, as well as the bankruptcy court's order vacating the discharge he received two years earlier and lifting the automatic stay and the court's determination that debtor would not be allowed to file for bankruptcy without leave of the court. I will address both appeals in this opinion. Jurisdiction exists under 28 U.S.C. § 158(a).

After reviewing the evidence and the applicable law, I conclude that the bankruptcy court erred in dismissing the underlying case without providing the parties adequate notice and hearing, which is required under 11 U.S.C. § 707(a). Because the automatic stay was lifted when the case was dismissed, the stay will be reinstated while the bankruptcy court engages in further deliberations. In addition, I find that the bankruptcy court erred in vacating debtor's discharge pursuant to Bankruptcy Rule 9024 and Fed. R. of Civ. P. 60(a). The rules provide for the correction of judgments in cases in which a "clerical error" has occurred, but the bankruptcy court's discharge was not a "clerical error" as that term has been defined by the court of appeals. Finally, I conclude that the bankruptcy court had the authority under 11 U.S.C. § 105(a) to prevent abuse of the bankruptcy system by requiring debtor to obtain leave of court before filing any bankruptcy case in the future and that it was not clear error for the bankruptcy court to conclude that debtor had abused the bankruptcy system in this case. The case will be remanded to the bankruptcy court for further deliberations consistent with this opinion.

From the briefs submitted by the parties and the record on appeal, I find the

following facts solely for the purpose of deciding the appeals.

## FACTS

On December 12, 2003, creditor filed an involuntary petition under chapter 7 of the bankruptcy code against debtor. Debtor filed a motion to dismiss, which was denied, and later filed a motion to convert the case to a proceeding governed by chapter 13 of the bankruptcy code. The case was converted to a chapter 13 proceeding on April 17, 2003. Debtor never filed a plan, schedule or statements, as required under 11 U.S.C. § 521(a). On May 15, 2003, as a result of debtor's failure to file necessary materials, the bankruptcy trustee moved to dismiss the case. The motion was granted and the case dismissed on May 20, 2003. Creditor requested vacation of the order dismissing the case, and a reconversion of the case to a proceeding governed by chapter 7. On June 30, 2003, the bankruptcy court granted this request, but after the debtor failed to attend a meeting of the creditors on August 25, 2003, the trustee requested dismissal of the case again.

The case was dismissed for a second time on September 26, 2003. Creditor filed a motion for reconsideration of the dismissal. On October 27, 2003, after the trustee and creditor reached agreement regarding the trustee's payment for his continued work on the case, the bankruptcy court agreed to reinstate the case. Although the case was reinstated, the court did not establish deadlines for the submission of schedules and a creditors' meeting. Also, debtor failed to file any schedules or statements required by 11 U.S.C. § 521(a) and did not appear at the creditors' meeting required under 11 U.S.C. § 341. On January 11, 2005, the "objection to discharge deadline" was "administratively reset" to allow the case to be accommodated in the bankruptcy court's AutoDischarge program; this led to the issuance of a discharge to debtor on January 14, 2005.

The case remained open on October 27, 2006, when the trustee filed an application to employ special counsel in a proceeding in the Circuit Court for Eau Claire County, Wisconsin. This proceeding involved allegations by creditor C & A Investments that debtor's stepmother had engaged in fraudulent conveyances with family members. The state court sought guidance regarding the effect of the earlier, reinstated dismissals of debtor's bankruptcy proceedings. Debtor's stepmother objected to the appointment of counsel. On November 14, 2006, the bankruptcy court issued a notice of hearing and pre-hearing order advising the parties that a hearing would be held on the "application by the trustee to employ Freund Law Office as special counsel" at 11:00 a.m. on December 11, 2006.

The hearing took place as scheduled on December 11, 2006. Debtor's attorney, creditor's attorney, attorneys for the trustee and debtor's stepmother and her attorney appeared at the hearing. The first issue, which the parties discussed at length, was whether matters that should be resolved by the bankruptcy court had been raised in the state court proceeding. Near the end of the hearing, the bankruptcy court noted that he was considering whether to "get some third party to take a look" at the issue or whether the court should "get rid of this case, just dismiss this bankruptcy, throw it back into state court. . . ." Later, the bankruptcy court stated that he believed that debtor's actions in the proceedings had been abusive and that the "proceeding" had been abusive as well. (It is not clear from the transcript whether the bankruptcy judge's reference to abusive actions was to the filing of the involuntary petition or the effort to have counsel appointed in the

state court proceeding.) After the bankruptcy court raised the prospect of dismissing the case entirely, the trustee and the lawyer representing debtor's stepmother stated that they thought it was a good resolution. At the end of the hearing, after the bankruptcy court announced its intent to dismiss the case, creditor's lawyer asked whether he could be heard on the matter; his request was denied and the hearing adjourned.

Later that day, creditor filed a "motion for more definite statement," in which it asked the bankruptcy court to clarify the effect of the dismissal of the bankruptcy proceeding with respect to debtor's earlier discharge. On December 22, 2006, the bankruptcy court issued an order in which it dismissed the bankruptcy case, granted relief from the automatic stay, vacated debtor's discharge and barred debtor from filing another bankruptcy case without leave of the bankruptcy court. With respect to dismissal, the court stated that the parties had been invited to discuss whether dismissal was appropriate at the December 11 hearing and that the dispute was "essentially a two party dispute" that could be resolved by the state court. The bankruptcy court did not discuss the automatic stay, except to note that it was lifted and the parties could pursue the state court litigation.

After discussing the underlying purpose of discharge of debts in bankruptcy and the requirement that debtors seeking a discharge identify all entities that may assert claims against the bankruptcy estate, the bankruptcy court stated that debtor had not performed "any of the duties required of someone who seeks the 'fresh start' offered by bankruptcy" and was not entitled to a discharge. It found that because debtor had received the discharge only as a result of an administrative error in preparing the case for inclusion in the

court's AutoDischarge program, this was a "clerical error" that could be corrected through Bankruptcy Rule 9024 and Rule 60(a).

Finally, because debtor had not complied with the statutory requirements for a debtor in bankruptcy, the court determined that his actions had been abusive. Citing its equitable power under 11 U.S.C. § 105(a) to take action to prevent abuse of the bankruptcy system, the bankruptcy court held that debtor would have to obtain leave of the court before filing a bankruptcy case in the future.

## OPINION

### A. *Standard of Review*

In a bankruptcy appeal, issues of law are reviewed de novo; factual findings may be set aside only if they are clearly erroneous. Bankr.R. 8013. To the extent that the bankruptcy court based its decision on its equitable powers pursuant to 11 U.S.C. § 105(a), a de novo standard applies in determining whether the bankruptcy code gives the bankruptcy court the discretionary authority to take action and a clearly erroneous standard applies in reviewing the manner in which the discretion was exercised. *Disch v. Rasmussen (In re Rasmussen)*, 299 B.R. 902, 909 (W.D.Wis.2003).

### B. *Creditor's Appeal*

I turn first to creditor's appeal. Creditor contends, first, that it was given inadequate notice and opportunity to be heard before the bankruptcy court dismissed the case. Next, it contends that the dismissal was substantively inappropriate because the court previously allowed the case to proceed on the condition that creditor would pay trustee's fees and that it was costly and prejudicial to dismiss the case because large fees have accrued since

the prior order (largely as a result of the complex state court proceedings). Creditor states that if this court remands the case to the bankruptcy court on the ground that the dismissal was improper because it was not preceded by adequate notice and hearing, creditor will present the second argument to that court.

Section 707 of Title 11 of the United States Code governs dismissal of bankruptcy cases brought under chapter 7 of the bankruptcy code. Under that section "[t]he court may dismiss a case … only after notice and a hearing and only for cause…." 11. U.S.C. § 707(a). Another section of the code, 11 U.S.C. § 102, provides a general definition of the phrase "after notice and hearing,":

(1) "after notice and a hearing," or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act….

*Id.*

■ The nature of the required notice and hearing is flexible. However, it must be reasonable in light of the circumstances of the particular case. 11 U.S.C. § 102(1)(A). Consistent with the due process clause of the Fifth Amendment, notice must be reasonably calculated to apprise the parties of the pendency of the action and provide them an opportunity to be heard. *In re Hairopoulos,* 118 F.3d 1240, 1244–45 (8th Cir.1997).

I need not engage in an extended discussion regarding the kind of notice that would have been appropriate before this case was dismissed because the parties received *no* notice whatsoever. Although the parties received notice of the hearing at which the bankruptcy court announced its intent to dismiss the case, the hearing notice stated that hearing's purpose was for the consideration of the "application by the trustee to employ Freund Law Office as special counsel." Even the most generous reading of this notice would not alert a reader to the possibility that the discussion would turn to the potential dismissal of the bankruptcy proceeding. In fact, the majority of the hearing was devoted to a discussion of the state court proceeding, as the pre-hearing notice suggests. It was not until later in the hearing that the bankruptcy court proposed dismissal as a possible resolution.

Moreover, even if I assumed that creditor received adequate notice, it did not have an opportunity to be heard. After the bankruptcy court announced its intention to dismiss the case, other parties voiced their support for the proposal. However, when creditor's lawyer asked to be heard, the bankruptcy court rejected the lawyer's request and ended the hearing rather than entertaining the arguments.

The bankruptcy court's frustration with the lengthy and contentious nature of this case is clear. Perhaps the frustration is understandable from the tortuous path the case took before the court. Perhaps the bankruptcy court will reach precisely the same conclusion regarding the wisdom of dismissal after hearing and considering the parties' arguments. However, the parties deserve a legitimate opportunity to be heard before the case is dismissed.

Therefore, the decision of the bankruptcy court to dismiss this case will be reversed and remanded for further consideration consistent with this opinion.

### C. *Debtor's Appeal*

Debtor raises three issues. First, he challenges the bankruptcy court's vacation of the discharge order almost two years after it was entered. Second, he challenges the court's determinations that debtor would not be allowed to refile for bankruptcy without leave of the court and that the automatic stay would be lifted to allow creditor to proceed with a state court action. Finally, he asserts that it was improper for the bankruptcy court to take these actions on its own motion and without giving the parties adequate notice or opportunity to be heard. I have considered debtor's arguments related to lack of notice in the context of evaluating the first two arguments.

### 1. *Vacation of discharge*

■ The bankruptcy court invoked Bankruptcy Rule 9024 as authority for revoking debtor's discharge, calling the entry of the discharge a "clerical error," attributable to the court's computer system coding. He did so after creditor filed a motion inquiring about the status of the discharge after the case was dismissed. However, creditor did not object to this "clerical error" until after the court decided to dismiss the case. At that point, the discharge had been in place for almost two years.

Bankruptcy Rule 9024 incorporates Fed. R. of Civ. P. 60(a)'s provisions for relieving parties from final judgments or orders for reasons of clerical error. Rule 60(a) provides that "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." The Court of Appeals for the Seventh Circuit has found that Bankruptcy Rule 9024 may provide a basis for revoking an improperly granted discharge. *Disch v. Rasmussen*, 417 F.3d 769, 778 (7th Cir.2005). Although debtor's primary objection appears to relate to fact that he had no opportunity to be heard before the discharge was revoked, his appeal raises a more fundamental question: whether the erroneous entry of a discharge that was allowed to remain in place for almost two years is the type of "clerical error" contemplated by Rule 60(a). If it is not, it makes little sense to consider whether notice and hearing are required before a court takes action under Rule 60(a).

■ As the Court of Appeals for the Seventh Circuit has stated, to determine whether an error in a judgment is "clerical" in nature and may be remedied through the mechanism of Rule 60(a), the "defining element" is whether "the parties knew that it was by pure inadvertence, rather than a mistaken exercise of judgment, that an error had crept into the judgment or other judicial record" and "the correction restores the original meaning known to both parties." *Lowe v. McGraw–Hill Cos.*, 361 F.3d 335, 341 (7th Cir.2004) (collecting cases illustrating "clerical errors"; "clerical errors" included transposition of numbers in amount of judgment and incorrect reference to party's name in body of opinion).

■ Although debtor's discharge may have been entered in error, it was not a "clerical error" of the type that may be remedied through Rule 60(a). For example, it is not a situation in which the wrong party received a discharge, *Wetherbee v. Willow Lane, Inc. (In re Bestway Products)*, 151 B.R. 530 (Bankr.E.D.Cal.1993),

or numbers in a judgment were transposed, *Esquire Radio & Electronics, Inc. v. Montgomery Ward & Co.*, 804 F.2d 787, 795–96 (2d Cir.1986). In the order vacating the discharge, the bankruptcy court discussed debtor's failure to meet his obligations and why he *should not* have received a discharge. App. Record, dkt. # 115, at 2–6. But "Rule 60(a) allows a court to correct records to show what was done, rather than change them to reflect what should have been done." *Blue Cross & Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 637 (7th Cir.2006). Perhaps debtor did not qualify for a discharge because he had failed to submit necessary materials. However, in that case it was legal, not clerical, error to grant debtor a discharge.

In addition, after the discharge was entered, all the parties behaved as if it was entered legitimately, suggesting that this was not the rare case in which "the parties knew . . . that an error had crept into the judgment or other judicial record." *Lowe*, 361 F.3d at 341. Debtor received the relief he sought and had no reason to believe that it was not legitimate or simply the result of a computer coding error. As the bankruptcy court noted, discharges are regularly entered with "little ceremony" and are treated generally as administrative matters. App. Record, dkt. # 115, at 7. Therefore, although debtor might have counted himself lucky to have received a discharge in spite of flouting the bankruptcy court's rules, it would not have been readily apparent to him that the discharge was a mistake. Moreover, neither the creditor nor the trustee disputed the entry of the discharge until the court raised the prospect of dismissing the case. Therefore, I must remand the bankruptcy court's decision to vacate the discharge. On remand, the parties and the court may consider whether there are other grounds for vacating the discharge.

## 2. *Other determinations*

Next, debtor challenges the bankruptcy court's decision to lift the automatic stay to allow creditor to proceed with a state court action as well as its decision that debtor would not be allowed to refile for bankruptcy without leave of the court. The bankruptcy court cited 11 U.S.C. 105(a) as authority for barring debtor from filing another bankruptcy case without leave.

█ With respect to the argument regarding the lifting of the automatic stay, debtor's argument is difficult to follow. He supports dismissal of the case, yet apparently wants a chance to argue that the automatic stay should remain in place. This argument is internally inconsistent, because the automatic stay is lifted when a bankruptcy case is dismissed. 11 U.S.C. § 362(c)(2). However, as discussed above, I am reversing the dismissal of the bankruptcy proceeding and remanding it to the bankruptcy court for further deliberation. What happens to the automatic stay in such a situation? From the record, it appears that creditor was granted relief from the automatic stay as a result of the dismissal of the bankruptcy case. Therefore, while the bankruptcy court engages in further deliberations whether to dismiss the case, the automatic stay will be reinstated. (I note that although the bankruptcy court has authority to grant relief from the automatic stay "on request of a party in interest and after notice and hearing . . ." for several reasons, 11 U.S.C. § 362(d), it is not clear from the record before this court whether any of these reasons are applicable here or whether the bankruptcy court considered them.)

█ Debtor faces an uphill battle in arguing that he deserved notice and hearing before the bankruptcy court determined, on its own motion, that he would

have to obtain leave of court before filing for bankruptcy. 11 U.S.C. § 105(a) provides the bankruptcy court with substantial equitable power to prevent abuse of the bankruptcy process:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*Id.* The broad language of § 105(a) provides the bankruptcy court with the discretionary authority to impose such restrictions. The bankruptcy code itself provides for restrictions on the availability of relief in cases of abuse, *see, e.g.,* 11 U.S.C. § 727, and there is no independent constitutional right of access to the bankruptcy courts, *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626, (1973). Moreover, § 105(a) expressly contemplates that the court will take action even if it is not requested by the parties.

 The bankruptcy court determined that the debtor's actions in the proceeding had been abusive because he had refused repeatedly to appear at hearings or file required materials. Debtor seems to believe that because this case was an involuntary proceeding, he could not have abused the process. This is not true. Further, as noted above, this court reviews the discretionary action by the bankruptcy court under a "clearly erroneous" standard. Debtor refused to comply with the most basic requirements of the bankruptcy proceeding; therefore, the bankruptcy court's determination that debtor abused the process was not clearly erroneous.

ORDER

IT IS ORDERED that

1. The final order of the United States Bankruptcy Court for the Western District of Wisconsin to dismiss case no. 02–18037 is REVERSED.

2. The final order of the United States Bankruptcy Court for the Western District of Wisconsin to revoke debtor Brian J. Kelly's discharge is REVERSED.

3. The decision of the United States Bankruptcy Court for the Western District of Wisconsin to require debtor to obtain leave of court before filing a future bankruptcy case is AFFIRMED.

4. This case is REMANDED to the bankruptcy court for additional proceedings in conformity with this opinion. The automatic stay under 11 U.S.C. § 362 will be reinstated pending the result of further deliberations.