In re OHIO MOVERS & STORAGE, INC., Debtor.

Bankruptcy No. B87–04539.

United States Bankruptcy Court, N.D. Ohio, E.D.

Aug. 31, 1990.

Philip R. Fine, Cleveland, Ohio, Trustee.

Iden Grant Martyn, Cleveland, Ohio, for I.R.S.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is the Trustee's objection to the claim of the Internal Revenue Service, Claim # 55, in the amount of $1,583.21. Trustee alleges the claim was not timely filed. The matter is submitted on stipulations and briefs.

Stipulations are as follows:—

"1. In December, 1987, Ohio Movers & Storage, Inc. filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code.

2. The debtor's petition incorrectly set forth its employer's identification number (EIN) as 34–1156091.

3. The debtor's correct EIN is 34–1266030.

4. The Court's "Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stay" (hereafter Notice of Meeting of Creditors) incorrectly sets forth debtor's EIN as 34–1156091.

5. The Notice of Meeting of Creditors required any proof of claim to be filed for claims against an entity known as Ohio Movers & Storage, Inc. with an EIN of 34–1156091 by April 18, 1988.

6. The Notice of Meeting of Creditors was received by the Internal Revenue Service, Special Procedures Section.

7. IRS, Special Procedures responsibility include, inter alia, receiving bankruptcy notices, determining if a debt exists, and if

so, preparing the necessary proof of claim for filing.

8. The debtor's name is not relevant to the IRS's search for tax liability, only the entity's identification number is used.

9. IRS, Special Procedures review for tax liability under EIN 34–1156091 failed to disclose any tax liability, and as a result, no proof of claim was filed.

10. In August, 1988, IRS was advised that the debtor's actual EIN was 34–1266030.

11. Upon discovering debtor's actual EIN, IRS, Special Procedures determined debtor's tax liability to be $1,583.21, prepared a proof of claim, and had it filed on September 6, 1988.

12. On June 5, 1990, the Trustee filed an objection to IRS's proof of claim alleging it was not filed in a timely manner."

Trustee objects to the IRS claim being untimely filed on September 6, 1988. It was filed outside the April 18, 1988 bar date set pursuant to Bankruptcy Rule 3002(c) due to Debtor's failure to list a correct tax identification number in its petition. The issue is whether this failure constitutes justification for deeming the IRS claim timely and thus entitled to distribution from the estate. Alternatively, the IRS requests determination that the tax obligation is not discharged. Debtor, a corporation, however, does not receive a discharge pursuant to Section 727 of the Bankruptcy Code. 11 U.S.C. § 727(a)(1).

Debtor failed to comply with Bankruptcy Rule 1005 which requires including its tax identification number in the caption of the petition. There is no evidence this error was anything other than inadvertence. There is a paucity of case law on the effects of non-compliance with this rule. The Advisory Committee Notes to Bankruptcy Rule 9004 on case caption pleading requirements indicate failure to comply with these formal requirements does not ordinarily result in the loss of rights. Therefore, mere failure to comply with Rule 1005 does not mandate realignment of rights in the within cause.

Bankruptcy Rule 3002(c) requires filing claims in Chapter 7 cases within 90 days after the first date set for the meeting of creditors. Provisions therein for extension of the bar date are inapplicable to this cause. Generally, Rule 3002(c) is strictly construed as a statute of limitations since the purpose of the bar date is to provide finality and insure swift distribution of the bankruptcy estate. *In re Robert Stone Cut Off Equipment, Inc.*, 98 B.R. 158 (Bankr.N.D.N.Y.1989). The power of a court to extend the time for filing claims beyond these specific provisions is the subject of dispute. See *Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462 (7th Cir.1984). Inherent in the strict time requirements of Rule 3002(c), however, is the assumption that a creditor has received notice. *In re Roberts*, 98 B.R. 664 (Bankr.D. Vt.1989). Section 726 of the Bankruptcy Code which details the Chapter 7 scheme of distribution provides for payment of tardy claims if the holder thereof did not have notice or actual knowledge of the case in time to file a timely proof of claim. 11 U.S.C. § 726(a)(2)(C). The issue, therefore, is whether the IRS had notice or actual knowledge of the case in time to file a proof of claim.

The operative determination is whether a creditor has notice of the bankruptcy. The fact that a creditor is unaware of the nature of its claim or whether it has a claim is irrelevant. *In re Kragness*, 82 B.R. 553 (Bankr.D.Or.1988). The IRS argument that it received ineffective notice due to the incorrect tax identification number is without merit. It received *actual notice* of the bankruptcy filing and the claims bar date and is bound thereby. It is unfortunate this notice was ineffective because of IRS's procedural policy of relying solely on Debtor's identification number to review tax liability and file proofs of claim. Based on the stipulations herein and for reasons stated, the Trustee's objection to the IRS claim is, therefore, sustained.