**In re Bernard FRIEDMAN, Debtor.**

**Bankruptcy No. 92–62916.**

United States Bankruptcy Court, N.D. New York.

Jan. 5, 1994.

884

Hancock & Estabrook (R. John Clark, of counsel), Syracuse, NY, for debtor.

Elis J. DeLia, Dist. Tax Atty. & Appraiser, Utica, NY, for New York State Dept. of Taxation and Finance.

Mark W. Swimelar, Chapter 13 trustee, Syracuse, NY.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

### STEPHEN D. GERLING, Chief Judge.

Presently before the Court is a motion by Bernard Friedman ("Debtor") for an order pursuant to § 502 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") disallowing the claim of the New York State Department of Taxation and Finance ("Department"). The motion was first heard at a motion term of this Court held at Syracuse, New York on August 31, 1993, and further continued to the September 14, 1993 motion term, at which time both parties were afforded the opportunity to file memoranda of law. A final argument was held on October 5, 1993 and the matter was submitted for decision that same day.

## JURISDICTION

This Court has core jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), 157(b)(1), (b)(2)(B).

## FACTS

The Debtor filed a voluntary petition ("Petition") seeking relief pursuant to Chapter 13 of the Code on September 21, 1992. The Petition listed the name of the Debtor as "Friedman, Bernard." In response to a request on the Petition for "all other names used by the debtor in the last six years," including trade names, the Debtor listed "Friedman, Bernie." Also listed on the Petition was the Debtor's social security number ("SSN") and employer identification number ("EIN"). The "Notice of Commencement of the Case and Meeting of Creditors," prepared by the Chapter 13 Trustee's office and filed with the Court on October 19, 1992, contains a caption listing "Bernard Friedman, a/k/a Bernie Friedman," and only the Debtor's social security number. The Notice was sent to all creditors listed in the Petition, including the Department, indicating that the last day to file proofs of claim was February 8, 1993. Schedules D (Creditors holding secured claims) and E (Creditors holding unsecured priority claims) of the Petition list a disputed claim of the Department in the amount of $294,458.64 for "sales tax on prior owned business." Schedule E also lists a second priority claim of $2,000.00 owing to the Department for 1992 income taxes. The Statement of Affairs, included in the Debtor's Petition, also lists the Department as having placed garnishments on the Debtor's personal bank accounts within a year of commencement of the case. See ¶ 4(b) of the Statement of Affairs.

A notice prepared by Debtor's attorney was filed with the Court on November 5, 1992, designating November 25, 1992, as the date of the confirmation hearing on Debtor's Chapter 13 Plan ("Plan"), which was also filed with the Court on November 5, 1992. The affidavit of service attached to the notice indicates it was served on November 4, 1992. The notice included only the individual name of the Debtor "Bernard Friedman" in its

caption. A copy of the Plan, captioned "Bernard Friedman" and containing only Debtor's SSN, was attached to the notice of the confirmation hearing and expressly provided that no payment would be made to the Department under the Plan on any priority tax claims, and that upon the issuance of a discharge, "the Department's lien against the Debtor's property shall be terminated and vacated." The Plan further provided that "The failure of the Department to object to the confirmation of this Plan shall constitute an agreement by the Department to this different treatment of its claim pursuant to 11 U.S.C. § 1322(a)(2)." *See* Exhibit "A" of Debtor's Motion, ¶ 2(a). Paragraph 9 of the Order of Confirmation entered subsequent to the continuation hearing on January 14, 1993, reiterates this provision, including the statement that the Department's lien against the Debtor's property would be terminated. *See* Exhibit "C" of Debtor's Motion. The Plan provides for dividends to two secured creditors, including the Commissioner of Finance, City of Syracuse, for 1990 and 1991 real property taxes. It does not provide for any payment to the Department. The Department did not appear at the confirmation hearing, which was held on November 25, 1992, and did not file any objections to the Plan.

According to the affidavit of Anthony DeStefano, a Department employee working in its Bankruptcy/Special Procedures Section ("DeStefano Affidavit"), the Department received notice of the filing of a bankruptcy petition by Bernard Friedman from the Department's Syracuse District Office after "contact by that office with the debtor herein." *See* ¶ 3 of DeStefano Affidavit. In response to the notice from its Syracuse office, the Department filed a proof of claim on December 7, 1992, asserting a secured claim in the amount of $258,858.23 ("Claim No. 5"). The caption of the proof of claim lists the Debtor as "Bernard Friedman, d/b/a Bernie's Wine & Liquor Cabinet." The proof of claim lists sales taxes owing for the periods of 3/1/79–8/31/82 and 9/1/82–11/30/84. The claim form also references two tax warrants dated October 2, 1991, filed with the Onondaga County (New York) Clerk's office in the amount of $258,858.23. Pursuant to these warrants, the Department issued tax compliance levies to both Fleet Norstar Operations and Merchants National Bank & Trust Co. of Syracuse in the amount of $287,467.35 and dated May 26, 1992. *See* Exhibit B of Reply Affidavit of Debtor's attorney. The warrants list the judgment debtor as "Bernard Friedman," identified by his social security number and a tax file number. The Department filed a second proof of claim on January 6, 1993, with the caption, "Bernard Friedman, AKA: Bernie Friedman," in the amount of $376.71 for personal income taxes allegedly due for the period ending 12/31/90 ("Claim No. 7").

The Department explained that it maintained two separate files on the Debtor, one in his name, as an individual, and the other in his name, d/b/a Bernie's Wine & Liquor Cabinet. The two files were not cross-referenced. The former was accessed using the Debtor's SSN, the latter using the Department's tax file number and/or EIN. When the notice of the confirmation hearing was received in the name of the Debtor in his individual capacity, the Department elected not to pursue the matter as it believed that the only priority claim it had with respect to the individual Debtor was one in the amount of $376.71.

## ARGUMENTS

Debtor argues that the failure of the Department to object to confirmation of the Plan constitutes the Department's agreement that it be paid nothing by the Debtor, as provided for under the Plan. Accordingly, the Debtor contends that the Department's claims should be deemed disallowed.

In objecting to the Debtor's motion, the Department argues that the Petition violated Fed.R.Bankr.P. 1005 in failing to list the name of the Debtor's former business, "Bernie's Wine & Liquor Cabinet." and the Debtor's EIN in the caption. As a result, the Department asserts that it did not receive proper notice of the specific nature of the hearing and the proposed treatment of its claim.

The Department also makes the argument that the Court has an independent duty to

determine whether or not the Plan was proposed in good faith pursuant to Code § 1325(a)(3) as it failed to provide for payment of the full amount of the Department's claim. The Department argues that since it did not receive adequate notice as a result of the alleged violation of Fed.R.Bankr.P. 1005, it did not agree to the treatment of its claim as provided for in the Plan, and, therefore, the Plan also fails to meet the requirements of § 1322(a)(2) of the Code.

## DISCUSSION

A motion seeking the disallowance of a claim is generally before the Court as a contested matter pursuant to Fed.R.Bankr.P. 9014. It is the view of this Court that what the Debtor is actually seeking is a declaratory judgment regarding the validity or extent of the Department's lien, which is more properly brought within the context of an adversary proceeding pursuant to Fed.R.Bankr.P. 7001(9). However, where the rights of the affected parties have been adequately protected and the parties have had an opportunity to be heard, form will not be elevated over substance, and the matter will be allowed to proceed on the merits as originally filed. *See In re Command Serv. Corp.*, 102 B.R. 905, 908 (Bankr.N.D.N.Y.1989).

Section 502(a) of the Code provides that "a claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest ... objects." Accordingly, the timely filing of a proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. *Sun Finance Co. v. Howard (In re Howard)*, 972 F.2d 639, 640 (5th Cir.1992), *see also Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 552 (5th Cir.1985). In the case *sub judice*, February 8, 1993 was set as the last day to file proofs of claim. Claim No. 5, in the amount of $258,858.23, was filed by the Department on December 12, 1992, and Claim No. 7, in the amount of $376.71, was filed on January 6, 1993. Thus, both were timely filed.

Schedules D and E of the Petition list a claim by the Department in the amount of $294,458.64 as disputed, categorizing it as both a secured and an unsecured priority claim. The fact that a claim may be listed by a debtor as disputed does not relieve the debtor of the requirement that it file an objection to the claim in order for it to be disallowed. *In re Simmons, supra*, 765 F.2d at 552. Furthermore, unless an objection is filed pursuant to Fed.R.Bankr.P. 3007, a plan may not affect the validity or amount of a secured claim in the situation where a proof of claim has been timely filed. *See In re Terranova*, 152 B.R. 20, 22 n. 2 (Bankr. D.Conn.1993); *see also Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318, 321 (9th Cir. BAP 1991); *In re Simmons, supra*, 765 F.2d at 553 ("Chapter 13 plan may not substitute for an objection to a secured creditor's proof of claim."); *In re Howard, supra*, 972 F.2d at 641 ("Strict adherence to the requirement that an objection be filed to challenge a secured claim is necessary to protect this important interest under the Code.").

Ideally, the filing of an objection should occur prior to confirmation as part of what this Court will refer to as the "claims process." Problems arise in the situation where the proof of claim is timely filed, but it is filed subsequent to the confirmation of the Chapter 13 plan. A debtor, as part of the "confirmation process," must provide in his or her plan for the treatment of all claims, including those which they anticipate will be filed subsequent to confirmation. That is exactly what the Debtor did in this case. He elected to treat the "disputed" claim of the Department as an unsecured priority claim for purposes of his Plan, although no proof of claim had been filed at the time, and now seeks the affirmation of the Court that the claim should be disallowed in the absence of any objections to confirmation by the Department.

Pursuant to § 1327(a) of the Code, a confirmed plan binds the debtor and each creditor "whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to ... the plan." However, it is important to note that "a fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calcu-

lated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Linkous*, 990 F.2d 160, 162 (4th Cir.1993), quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).[1]

■ The Debtor has by this motion properly raised the necessary objection to the Department's claim. It argues that as the Department failed to object to the Plan, its claim should be deemed disallowed. However, if the Court is to make its determination on that basis, it is necessary for it to decide whether the Department had adequate notice that the Debtor intended to pay it nothing and to eliminate the secured status of its claim. The fact that the Plan has been confirmed will not bar the Department from enforcing its lien even though it failed to object to the Plan's provisions, if there has not been proper notice. *See In re Howard, supra*, 972 F.2d at 639; *see also In re Roberts*, 138 B.R. 84 (Bankr.N.D.Okl.1992); *In re Maylin*, 155 B.R. 605, 611 (Bankr.D.Me. 1993); *In re Kuebler*, 156 B.R. 1012, 1017 (Bankr.E.D.Ark.1993).

The Department received notice of the Chapter 13 case and of the hearing on confirmation of the Plan proposed by Bernard Friedman, a/k/a Bernie Friedman.[2] In addition, the Department acknowledges that it also received a copy of the Plan. However, the Department argues that the notice it received was inadequate. The Department cites to the fact that the Debtor failed to acknowledge that he had formerly done business under the name "Bernie's Wine & Liquor Cabinet," thereby violating Fed. R.Bankr.P. 1005. The Department also argues that the Debtor failed to list his EIN in

the caption. A review of the Petition indicates that the Debtor did list his EIN, along with his SSN, although the EIN was not included in the caption of the notices subsequently received by the Department. Fed. R.Bankr.P. 1005 requires that the caption of the petition commencing the case include "the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition."[3] The Advisory Committee Note to Fed.R.Bankr.P. 1005 also indicates that any additional names of the debtor are required to appear in the caption of any notice to creditors.

The Debtor argues that failure to comply with Fed.R.Bankr.P. 1005 does not ordinarily result in the loss of any rights, citing to *Matter of Ohio Movers and Storage, Inc.*, 118 B.R. 533 (Bankr.N.D. Ohio 1990) (Debtor listed an incorrect EIN in his petition.). *But see Anderson, supra*, 159 B.R. 830. The facts in *Anderson* are surprisingly similar to the case currently before this Court with respect to the caption. The debtor failed to list the name or tax number of his former business, "Lucky Liquors." In addition, the debtor failed to list the creditor's claims in his petition. The creditor apparently had notice of the filing and filed a timely proof of claim, as well as several late proofs of claim. The court, citing to *In re Austin*, 46 B.R. 358, 360 (Bankr.E.D.Wis.1985), indicated that "[a]ccuracy in the caption of the bankruptcy petition is of substantive importance—not a mere matter of form." Accordingly, it held that the creditor did not have adequate notice because of the debtor's failure to list the proper information in the caption, as well as his failure to list the creditor's claims in the petition. *Anderson, supra*, at 838. In its

---

1. In referring to "due process" in its general discussion of the law, the Court acknowledges that the term is generally applicable to private parties. In the case of government entities, "adequate notice" must satisfy requirements of "fundamental fairness." *See In re Anderson*, 159 B.R. 830 (Bankr.N.D.Ill.1993).

2. Though not raised by the Department, it appears that the notice of the confirmation hearing was untimely in that Fed.R.Bankr.P. 2002(b) requires 25 days notice of a confirmation hearing.

Here it appears the Department received only 20 days.

3. Neither party has raised the issue of whether or not the Debtor operated "Bernie's Wine & Liquor Cabinet" within six years of the filing of the petition, though a photocopy of a newspaper clipping attached to the Department's Memorandum of Law filed September 10, 1993, indicates that Debtor operated under the aforementioned assumed name as late as May 1988.

decision, the court in *Anderson* emphasized that a debtor has an obligation to complete the petition thoroughly and accurately. *Id.*

The *Anderson* case, along with the other cases addressing Fed.R.Bankr.P. 1005 and cited by both parties in their memoranda of law, involved situations where the creditor was seeking to file late proofs of claim based on inadequate notice within what this Court has deemed to be the "claims process." *See e.g. In re Gamble*, 85 B.R. 150 (Bankr. N.D.Ala.1988); *Ohio Movers, supra*, 118 B.R. 533; *In re Sleepy Giant*, 120 B.R. 6 (Bankr. D.Conn.1990); *In re AM Intern., Inc.*, 142 B.R. 252 (Bankr.N.D.Ill.1992). In the case currently before the Court, the Debtor failed to list his d/b/a status on his Petition, but did list the Department's claim in the schedules of his Petition and listed the EIN for his business on the face of the Petition. Whether or not this constitutes adequate notice for purposes of the "claims process" is not an issue currently before this Court. Rather, the Court must analyze the facts of this case from the perspective of the "confirmation process."

In *Hobdy*, the creditor had received notice of the petition and the confirmation hearing. *In re Hobdy, supra*, 130 B.R. at 319. The debtor in *Hobdy* had listed a claim in the amount of $35,000.00 in his petition, but his plan listed that same claim for $4,532.00. The creditor asserted that it had not received a copy of the plan. *Id.* The court found it unnecessary to decide whether the creditor had received a copy of the plan as it found that the initial notice sent to all creditors did not advise them that "the confirmation process would be the final word in any conflicts between allowed claims and amounts provided for in the proposed plan." *Id.* at 320.

■ In the case *sub judice*, the Department had notice of the petition and confirmation hearing of Bernard Friedman, a/k/a Bernie Friedman. Had it bothered to examine the Petition, it would have received notice that the Debtor had listed a disputed claim for taxes arising out of his "prior owned business". The Plan itself only described the treatment afforded any priority claims the Department might have against the Debtor.[4] While other secured claims are provided for separately in the Plan, there is no reference to the Department's secured claim, listed as disputed in the Debtor's Petition. The Department was afforded no specific notice that the Debtor was electing to categorize its secured claim as an unsecured priority claim and that it was the Debtor's intent that the Plan serve as the final determination as to any conflicts between its provisions and any proofs of claims that might be subsequently filed. A plan which addresses matters concerning claim allowance and/or lien disposition must provide notice sufficient to inform the secured creditor of an intent to reclassify its claim. *Linkous, supra*, 990 F.2d at 163; *see also In re Hobdy, supra*, 130 B.R. at 320. The fact that the Debtor also failed to include its d/b/a status in any of the documents filed with the Court, including the notice of the confirmation hearing, when it was that very status out of which the Department's secured claims arose, lends additional support to the lack of adequate notice given to the Department that the sales taxes due and owing on the Debtor's prior owned business were encompassed in, and were to be forever discharged without payment, via the Plan's provisions. The Court reaches this conclusion notwithstanding the fact that the Department's proof of claim filed December 7, 1992, some two weeks after the confirmation hearing, in fact identified the Debtor as doing business as "Bernie's Wine & Liquor Cabinet."

■ In making its determination that the notice provided by the Debtor was not sufficient to bar the Department from enforcing its lien, the Court is not embracing the

---

4. While the Plan and the Order, drafted based on the Plan, provide that the Department's "lien against the Debtor's property shall be terminated and vacated" and arguably may refer to the Department's secured claim, the Court declines to accept that view. The language mirrors the language of a prior case decided by this Court which dealt with a priority claim of the Department. *See In re Facciponte*, Ch. 13 Case No. 92–01225 (Bankr.N.D.N.Y. Oct. 7, 1992). Reference to a lien is inappropriate in the context of a priority unsecured claim. Any ambiguity in the terms of a plan are to be construed against the draftsman of the plan. *See In re Rincon*, 133 B.R. 594, 596 (Bankr.N.D.Tex.1991).

view that a Chapter 13 creditor with a secured claim can simply ignore the "confirmation process" and rely solely on the "claims process" to protect its interests. Initially, however, it is the debtor who has the responsibility for providing creditors with specific substantive notice on which they can make an informed decision as to whether to involve themselves in the "confirmation process." A creditor should not have to undertake its own independent investigation to discover the true identity of a debtor in order to protect its rights. Additionally, what constitutes sufficient notice for the "claims process" may not be sufficient for the "confirmation process" because of the binding effect the latter is intended to have on all parties once the order of confirmation is issued. In applying the facts currently before it and in reaching its decision today, the Court is limiting its analysis to the "confirmation process."

Furthermore, it is unnecessary for the Court to address the Department's "good faith" argument except to point out that it should have been raised, if at all, at the time of confirmation or by appeal immediately thereafter. *See Matter of Gregory,* 705 F.2d 1118, 1121 (9th Cir.1983). The Court is without jurisdiction to consider that argument once a plan has been confirmed. *Id.*

For the foregoing reasons, the Court finds that the requirements of fundamental fairness have not been complied with in the context of the "confirmation process" and the notice provided the Department is deemed inadequate. Accordingly, the Debtor's motion for an order disallowing the secured claim on the basis that the Department failed to object to the Plan's treatment of the claim is hereby denied and paragraph 9 of the Order of Confirmation dated January 14, 1993, to the extent that it is in conflict with this Memorandum–Decision, Findings of Fact, Conclusions of Law and Order, is deemed to be amended.

IT IS SO ORDERED.