# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES ELLETT,

                    *Appellant,*

        v.

SELVI STANISLAUS, Executive
Director of the Franchise Tax
Board,

                    *Defendant-Appellee,*

GERALD GOLDBERG, Executive
Director of the Franchise Tax
Board,

                    *Appellee,*

        and

JAMES ELLETT,

                    *Debtor.*

No. 05-16677

D.C. No.
CV-04-02546-GEB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Chief District Judge, Presiding

Argued and Submitted
October 16, 2007—San Francisco, California

Filed October 29, 2007

Before: Arthur L. Alarcón, David R. Thompson, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Alarcón

14245

## COUNSEL

Robert N. Kole, Antioch, California, for the appellant.

Kristian D. Whitten, Deputy Attorney General, San Francisco, California, for the appellee.

## OPINION

ALARCÓN, Circuit Judge:

James Ellett appeals from the District Court's order affirming the Bankruptcy Court's decision denying his requests for (1) a declaratory judgment that his pre-petition taxes owed to the California Franchise Tax Board ("FTB") were discharged; (2) an injunction enjoining Gerald Goldberg (as Executive Director of the FTB) from making further efforts to collect the taxes; and (3) attorney's fees and costs. We must decide whether the failure of a debtor to provide an accurate social security number ("SSN") to a creditor in the notice mailed to the creditor informing it of the first meeting convened under 11 U.S.C. § 341(a) placed the creditor on sufficient notice to protect its rights in a Chapter 13 Bankruptcy proceeding in

light of the fact that the mailing otherwise contained the debtor's correct name and address.

We conclude that the claim for payment of pre-petition taxes owed to the Franchise Tax Board was not discharged because it did not receive adequate notice of Mr. Ellett's Chapter 13 action. Accordingly, we affirm the District Court's judgment.

## I

## A

In 1994, Mr. Ellett petitioned for bankruptcy under Chapter 13 of the Bankruptcy Code. The bankruptcy petition misstated the last number in Mr. Ellett's SSN.[1] This same erroneous SSN number was also set forth in the § 341(a) notice that was received by the FTB. Mr. Ellett's SSN ends with the numbers 5623.

Mr. Ellett scheduled the FTB as a general unsecured creditor in the amount of $18,000 for non-priority personal income tax obligations for certain years between 1980-1990. The FTB received the § 341(a) notice regarding the commencement of Mr. Ellett's bankruptcy action, but it did not file a proof of claim or otherwise participate in the bankruptcy proceeding. Mr. Ellett's Chapter 13 plan was confirmed in April 1995 and was completed two years later. Because the FTB did not file a proof of claim, it received no distribution under the plan. On April 19, 1997, the Bankruptcy Court discharged Mr. Ellett's debts pursuant to 11 U.S.C. § 1328(a). The FTB was unaware of the Bankruptcy Court's discharge order.

Several months later, in a notice dated October 8, 1997, the FTB sent Mr. Ellett a demand for payment in the amount of $21,908.52 for personal income taxes for the years 1981,

---

[1]The petition stated that the last four numbers in his SSN were 5626.

1983, 1984, 1985, and 1990. The FTB notice provided that "the amount due was not discharged in your bankruptcy, and is now due and payable."

In a letter dated October 13, 1997, Mr. Ellett notified the FTB that the taxes owed by the debtor were discharged because the FTB failed to file a timely proof of claim in the Chapter 13 proceedings.

**B**

The record shows that when the FTB receives a bankruptcy notice, it checks its records to verify that the SSN on that notice belongs to the debtor identified in the title. If the debtor owes delinquent taxes, the FTB files a proof of claim. In those instances where the name of the debtor does not match the SSN on the bankruptcy notice, and the taxpayer with the SSN listed owes no taxes, the FTB places the debtor's name and the erroneous SSN on a "fallout list." FTB policy provides an alternative procedure for an FTB employee to investigate further and attempt to match the name of the debtor to the correct SSN. This procedure, however, was used infrequently, if at all, due to resource limitations when Mr. Ellett filed for bankruptcy.

Mr. Ellett's bankruptcy petition and § 341(a) notice did not list Mr. Ellett's SSN, but instead listed the SSN of a taxpayer who owed no taxes to the FTB. The FTB did not attempt to match Mr. Ellett with the correct SSN. The record demonstrates that the FTB did not learn of Mr. Ellett's bankruptcy proceedings until after the claims bar date had passed. Mr. Ellett alleges that his counsel notified the FTB of Mr. Ellett's bankruptcy proceeding on two separate occasions in response to the FTB's attempts to collect Mr. Ellett's delinquent income taxes. However, both communications occurred after the claims bar date.

## C

Mr. Ellett filed an adversary proceeding against the FTB in order to determine the dischargeability of Mr. Ellett's tax debt to the FTB, and for attorney's fees and costs incurred in that proceeding based upon the FTB's alleged violation of Mr. Ellett's Chapter 13 discharge order. The matter was tried in the Bankruptcy Court for the Eastern District of California on July 15, 2004. The Bankruptcy Court held that the taxes were not discharged because the misstated SSN violated Rule 1005 of the Federal Rules of Bankruptcy Procedure,[2] which resulted in the FTB not receiving proper notice of the Chapter 13 bankruptcy. Mr. Ellett filed an appeal from this decision to the United States District Court for the Eastern District of California. The District Court affirmed the Bankruptcy Court's decision. Mr. Ellett filed a timely appeal in this court. We have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 158(d).

## II

"We independently review the bankruptcy court's determinations and do not give deference to the district court." *Taub v. Weber*, 366 F.3d 966, 968 (9th Cir. 2004) (citing *Ferm v.*

---

[2]Rule 1005 of the Federal Rules of Bankruptcy Procedure states the following:

> The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the following information about the debtor: name, employer identification number, last four digits of the social security number, any other federal tax identification number, and all other names used within six years before filing the petition. If the petition is not filed by the debtor, it shall include all names used by the debtor which are known to the petitioners.

In 1994, Rule 1005 provided that "[t]he title of the case shall include the name, social security number and employer's tax identification number of the debtor . . . ."

*United States Tr. (In re Crawford)*, 194 F.3d 954, 957 (9th Cir. 1999)). "The bankruptcy court's conclusions of law are reviewed *de novo,* and its findings of fact are reviewed for clear error." *In re Doser*, 412 F.3d 1056, 1061 (9th Cir. 2005) (citing *United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1212 (9th Cir. 2005)).

The threshold issue in this matter is whether the FTB received adequate notice of Mr. Ellett's Chapter 13 bankruptcy when the § 341(a) notice it received reported an incorrect SSN but contained his correct name and address. Mr. Ellett argues that, despite the erroneous SSN, the inclusion of his correct name and address in his § 341(a) notice put the FTB on constructive or inquiry notice to take diligent steps to protect its rights in the bankruptcy Chapter 13 proceeding. Mr. Ellett maintains that once the FTB received the § 341(a) notice and realized that it carried a SSN that belonged to an individual that owed no taxes to the FTB, it was the FTB's responsibility to research the name and address listed in the § 341(a) notice in order to ascertain whether the FTB had a claim against the person named in the notice.

The FTB argues that it did not receive adequate notice of Mr. Ellett's bankruptcy. It asserts that at the time it received Mr. Ellett's § 341(a) notice, its procedures required that a computer search be conducted to determine if any person with that SSN owed taxes to the FTB. It contends that the fact that the FTB had procedures available to search for a taxpayer when the correct SSN is unknown is irrelevant because it is not the FTB's responsibility to conduct such research. The FTB asserts that adopting such a rule would unfairly place the burden on creditors to uncover a debtor's identity if erroneous notice had been provided. The FTB asserts that every creditor has the ability to cross-check names, addresses and other identifying information on their § 341(a) notice, however, such an investigation would be labor intensive, time consuming, costly, and could lead to erroneous results.

**[1]** A debtor who completes his payments under a Chapter 13 plan is entitled to a broad discharge of "all debts provided for by the plan or disallowed under section 502 of [the bankruptcy code]. . . ." 11 U.S.C. § 1328(a). "[T]he phrase 'provided for' in section 1328(a) simply requires that for a claim to become dischargeable the plan must 'make a provision for' it, *i.e.,* deal with it or refer to it." *Matter of Gregory*, 705 F.2d 1118, 1122 (9th Cir. 1983). "[A] claim cannot be considered to have been provided for by the plan if a creditor does not receive proper notice of the proceedings." *In re Hairopoulos*, 118 F.3d 1240, 1244 (8th Cir. 1997) (citing *In re Ryan*, 78 B.R. 175, 183 (Bankr. E.D. Tenn. 1987)). "The statutory command for notice embodies a basic principle of justice-that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *City of New York v. New York, N. H. & H. R. Co.*, 344 U.S. 293, 297 (1953).

**[2]** The question presented in this matter has not been addressed previously by this court or any of our sister circuits. In two decisions, however, we have considered the duties and burdens that creditors and debtors bear in regard to notice in bankruptcy matters. *Compare In re Price*, 871 F.2d 97, 99 (9th Cir. 1989) (concluding that adequate notice was provided where debtor's counsel gave creditor's counsel actual notice of the bankruptcy proceedings during state court litigation of the creditor's claim, fifty-eight days before the claims bar date), *with In re Dewalt*, 961 F.2d 848, 851 (9th Cir. 1992) (concluding that the statutorily required notice had not been timely provided where the secretary of the debtor's counsel gave the creditor's counsel actual notice of the bankruptcy filing seven calendar days before the claims bar date). These cases focus on how long before a claims bar date an unscheduled Chapter 7 creditor must receive actual notice of a bankruptcy in order to fall within the exception of 11 U.S.C. § 523(a)(3)(B).[3] They are instructive, however, concerning the issue presented in this action.

---

[3]§ 523(a)(3)(B) provides as follows in pertinent part:

  (a) A discharge under section 727, 1141, 1228(a), 1228(b), or

In *Price,* a creditor was not personally notified of his debt-or's bankruptcy proceedings or the bar date for the filing of dischargeability complaints. 871 F.2d at 97-98. Instead, the debtor's attorney informed the creditor's counsel that a bankruptcy petition had been filed. *Id.* The creditor's counsel was not notified of the deadlines set in the bankruptcy matter and took no action before the bar date passed. *Id.* at 98. We concluded in *Price* that, because "[c]ounsel for the [creditor] . . . was given actual notice of the bankruptcy proceedings in time to file a complaint, or at least to file a timely motion for an extension of time," the debt had been discharged. *Id.* at 99.

In *Dewalt*, we held that although a creditor received notice of a debtor's bankruptcy filing, the notice was not adequate because it was received only seven days before the claims bar date. 961 F.2d at 851. In *Dewalt,* the debtor filed a Chapter 7 petition but failed to list the creditor as required under 11 U.S.C. § 521(1). *Id.* at 849. As a result of this mistake, the creditor did not receive a written notice of the bankruptcy or of the § 341(a) creditor meeting. *Id.* Upon the creditor's filing of a state court action against the debtor, the creditor received a "cryptic message" from the secretary of debtor's counsel stating that he had previously filed for bankruptcy. *Id.* This

---

1328(b), . . . does not discharge an individual debtor from any debt-

. . . .

(3) neither listed nor scheduled under section 521(1) of this title with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit-

. . . .

(B) if such debt is of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request*.

11 U.S.C. § 523 (emphasis added).

message was delivered seven days before the debtor's claims bar date. The creditor did not file a complaint challenging discharge, nor did he seek an extension of time to file a complaint. *Id.*

The creditor filed a claim after the bar date. The bankruptcy court dismissed it as untimely, finding that the creditor became aware of the bankruptcy seven days before the bar date, and, therefore, had enough time to seek an extension of time to file a claim. *Dewalt*, 961 F.2d at 850. Relying on *Price*, the Bankruptcy Appellate Panel ("BAP") affirmed. *Id.* We reversed the BAP decision. In doing so, we reasoned as follows:

> The BAP majority read *Price* as holding that if a creditor, acting under ideal circumstances and with the utmost of diligence, could have filed for an extension of time before the bar date, the creditor's late complaint would be barred. This interpretation unfairly punishes creditors, holding them to the highest standards of diligence in a situation caused by negligence of a debtor, and rewarding the debtor, in effect, for negligent filing.

*Id.* In addition, this Court commented in *In re Maya Constr. Co.* 78 F.3d 1395 (9th Cir. 1996):

> The burden is on the debtor to cause formal notice to be given. . . . [The debtor] seeks to free itself of an obligation by means of a federal court judgment. As a matter of due process, the person whose entitlement to money from the debtor will be destroyed by the judgment is entitled to notice.

*Id.* at 1399 (citations omitted).[4]

---

[4]In *Maya*, a Chapter 11 case, we distinguished our decisions from past Chapter 7 and 13 cases in which we had held that the creditors received

Mr. Ellett cites cases from lower courts in other circuits that he asserts support his position. These cases are distinguishable, however, because in each the creditor was aware of the debtor's identity. *See In re Benny's Leasing, Inc.*, 187 B.R. 484, 486 (Bankr. W.D. Pa. 1995) (holding that the IRS received sufficient notice of debtor's filing of a Chapter 7 petition even though the notice was sent to the IRS Regional Service Center instead of the "special procedures division in Pittsburgh"); *In re Boldman*, 157 B.R. 412, 416 (Bankr. C.D. Ill. 1993) (holding that the IRS received sufficient notice of debtors' filing of a Chapter 13 petition regarding their business when the notice listed the debtors' social security numbers but failed to list their Employer Identification Number); *In re Daniel*, 107 B.R. 798, 802 (Bankr. N.D. Ga. 1989) (holding that the IRS received adequate notice of the debtor's Chapter 13 filing even though the notice was sent to the IRS collection office instead of the district director in Atlanta, Georgia); *In re Solis*, 137 B.R. 121, 133 (Bankr. S.D.N.Y. 1992) (holding that the IRS received sufficient notice of a debtor's filing of a Chapter 13 petition where the notice listed the debtor's SSN but omitted any reference to two employer identification numbers under which the debtor had operated a medical practice); *In re Nalle*, 125 B.R. 164, 168 (Bankr. W.D. Tex. 1991) (holding that the IRS received adequate notice of debtor's Chapter 11 case even though the debtor failed to list two out of his three debts to the IRS in a document entitled "Schedule A-1-Creditors Having Priority," but listed the debts in other schedules filed with the Bankruptcy Clerk's Office); *In re Lagniappe Inn of Nashville, Ltd.*, 50 B.R. 47, 47, 50 (Bankr. M.D. Tenn. 1985) (holding that, despite an inaccuracy in the debtor's name listed in the cap-

---

adequate notice of the debtor's bankruptcy, despite the fact that they were not notified of the claims bar date. 78 F.3d at 1399 (citing *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428 (9th Cir. 1990) and *Matter of Gregory*, 705 F.2d 1118 (9th Cir. 1983)). We explained that "the lack of formal notice of a proof of claims deadline is not as significant in those chapters." *Maya*, 78 F.3d at 1399.

tion, the debtor's original petition was sufficient to place it in bankruptcy and afford it the protections of the automatic stay where the caption reflected the debtor's correct address and status as a limited partnership in Nashville called "Lagniappe," and because the creditor and trustee learned of the bankruptcy independently of the petition).

The cases cited by Mr. Ellett from this Court's jurisprudence are readily distinguishable. *See Matter of Gregory*, 705 F.2d 1118, 1120 (9th Cir. 1983) (holding that the creditor received notice of the bankruptcy but failed to receive a copy of the debtor's Chapter 13 plan); *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1431 (9th Cir. 1990) (holding that although the creditor was not listed by the debtor in court documents and thus failed to receive actual notice of the claims bar date, the creditor received sufficient notice of the bankruptcy and creditor's meeting when it was informed of the bankruptcy by the debtor's attorney). We explained in *Costal Alaska Lines* that "[l]ike the creditors in *Gregory* and *Price,* [the creditor] actually received information about the bankruptcy proceedings that was sufficient to put it on inquiry notice. Its due process claim thus fails." *Id.*

Mr. Ellett also relies on an unpublished case from the United States Bankruptcy Court in the Western District of Wisconsin that recites facts similar to those described here. In *In re Bringe*, 1992 WL 12003983 (Bankr. W.D. Wis. 1992), Russell and Carol Bringe filed a Chapter 12 bankruptcy petition that contained a correct SSN for Carol, but an incorrect SSN for Russell and failed to list the debtors' employer identification number ("EIN"). *Id.* at *1. The Internal Revenue Service ("IRS") was served with an order and notice for the final meeting of creditors, however it claimed that due to the incorrect SSN and lack of the EIN, its notice was inadequate. *Id.* The IRS argued that

> a taxpayer's social security number and/or his employer identification number are the

"[i]dentifying numbers that the I.R.S. uses when researching a debtor's file to determine if there are any delinquent taxes to be listed on a proof of claim." . . . [B]ecause of the incorrectness or absence of those two numbers on the debtors' petition . . . the I.R.S. was unable to timely locate the delinquent taxes at issue.

*Id.* at *2. The bankruptcy court disagreed and found in favor of the debtors, concluding that the IRS had received reasonable and adequate notice of the bankruptcy. *Id.* The court noted that the § 341(a) notice sent to the IRS contained "the correct names and addresses of the debtors and their counsel" and that "Carol Bringe's social security number was also correctly given." *Bringe*, 1992 WL 12003983 at *3. "The I.R.S. could have then conducted further checks using the debtor's name, his wife's name, or his wife's social security number-all of which were correctly supplied in the § 341 notice." *Id.*

The unpublished decision in *Bringe* is not binding on this court. In addition, the facts are distinguishable from those described in the matter before us. In *Bringe*, the § 341 notice received by the IRS carried the correct SSN for Ms. Bringe. Thus, even though the IRS relied completely on SSNs for researching and determining whether there were any delinquent taxes to be listed on a proof of claim, the IRS could have successfully conducted such research on Ms. Bringe and identified her as a debtor. The bankruptcy court noted this as a factor in its decision, explaining that the IRS could have conducted further research on the debtors by using this information. *Id.*

**[3]** Mr. Ellett also cites *In re Ohio Movers & Storage, Inc.*, 118 B.R. 533 (Bankr. N.D. Ohio 1990), in support of his argument. The bankruptcy court in *Ohio Movers* held that the IRS received proper notice of a corporate debtor's bankruptcy petition despite the fact that the petition listed an incorrect EIN for the debtor. *Id.* at 534. It reasoned as follows:

> The IRS argument that it received ineffective notice due to the incorrect tax identification number is without merit. It received *actual notice* of the bankruptcy filing and the claims bar date and is bound thereby. It is unfortunate this notice was ineffective because of IRS's procedural policy of relying solely on Debtor's identification number to review tax liability and file proofs of claim.

*Id.* Like *Bringe*, however, the bankruptcy court's decision is not binding on this court. Moreover, there are numerous cases in which other bankruptcy courts have concluded that a creditor is not required to conduct a search if any of the requisite identification is incorrect or missing from the Rule § 341(a) notice. *See In re Pecovsky*, 241 B.R. 530, 533-34 (Bankr. M.D. Pa. 1999) (holding that debtor's notice to IRS of his bankruptcy filing was deficient because it provided debtor's SSN but failed to provide his EIN and debtor himself had no unpaid tax liabilities); *In re Anderson*, 159 B.R. 830, 837-38 (Bankr. N.D. Ill. 1993) (concluding that the debtor's notice was insufficient because, although the creditor received notice of the debtor's bankruptcy filing, the debtor failed to list in its notice all of the names under which it had previously operated, thus failing to notify creditor about the relevance of the bankruptcy proceeding to some of its claims); *In re Friedman*, 184 B.R. 883, 889-90 (Bankr. N.D.N.Y. 1994) ("A creditor should not have to undertake its own independent investigation to discover the true identity of a debtor in order to protect its rights."); *In re Gamble*, 85 B.R. 150, 152 (Bankr. N.D. Ala. 1988) (same).

**[4]** Mr. Ellett was in the best position to list the correct SSN on his petition and comply with the additional requirements of Rule 1005 of the Federal Rules of Bankruptcy Procedure. Requiring a creditor to ferret out a debtor's correct identity when incorrect identifying information is provided would be overly burdensome and inappropriate. As stated in *Maya*, "[the debtor] seeks to free itself of an obligation by

means of a federal court judgment." *Maya*, 78 F.3d at 1399. Thus, it is not unreasonable to place the burden on the debtors to ensure that their creditors received proper notice of their bankruptcy filing.

[5] Here, due to Mr. Ellett's negligence in listing an erroneous SSN on his bankruptcy petition and § 341(a) notice, proper notice was not provided to the FTB. Consequently, Mr. Ellett's Chapter 13 plan did not "provide for" the FTB taxes. The FTB should not be punished because Mr. Ellett failed to provide proper notice including his correct SSN. Because we conclude that the taxes owed by Mr. Ellett to the FTB were not discharged, we need not consider Mr. Ellett's request for attorney's fees and costs.

**AFFIRMED**.

Costs are awarded to the FTB.