**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: CERY BRADLEY PERLE, *Debtor*, | No. 11-60000 |
| | BAP No. 10-1048 |
| CERY BRADLEY PERLE, *Appellant*, | OPINION |
| v. | |
| ALFONSO FIERO, *Appellee*. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kirscher, and Lynch, Bankruptcy Judges, Presiding

Argued and Submitted
December 7, 2012—Pasadena, California

Filed August 2, 2013

Before: Sandra S. Ikuta and Jacqueline H. Nguyen,
Circuit Judges, and Larry A. Burns,[*] District Judge.

Opinion by Judge Burns

---

[*] The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

## SUMMARY**

### Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's ruling that an arbitration debt was nondischargeable in bankruptcy under 11 U.S.C. §§ 523(a)(3) and 523(a)(6).

The panel held that the creditor's challenge to the dischargeability of the debt was not filed within 60 days of the first date set for the creditors meeting but nonetheless was timely because the chapter 7 debtor did not adequately identify the debt on his Schedule E, and the creditor did not have notice or actual knowledge of the bankruptcy. The panel held that the creditor's lawyer's knowledge could not be imputed to the creditor on an agency theory when the lawyer learned of the bankruptcy during his representation of another client and after the completion of his representation of the creditor in relation to the debt.

### COUNSEL

Janine R. Menhennet (argued), Solana Beach, California; Joseph Darrell Palmer, Law Offices of Darrell Palmer, Solana Beach, California, for Defendant-Appellant.

Leslie Schwaebe Akins, Leslie Schwaebe Akins, A Law Corporation, Carlsbad, California, for Plaintiff-Appellee.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

BURNS, District Judge:

Under the bankruptcy rules, a creditor has a limited window of time in which to challenge the dischargeability of certain kinds of debts. That window stays open, though, if the creditor doesn't receive adequate notice of the bankruptcy from the debtor. The question in this case is whether the creditor's *lawyer's* knowledge of the bankruptcy constitutes notice to the creditor. In the abstract, it well might. But here there's a wrinkle: The lawyer learned of the debtor's bankruptcy during his representation of *another* client, and although the lawyer continued to represent the creditor on other matters, he no longer represented the creditor in relation to the debt at issue. On these facts, we hold that it stretches the agency principle too far to impute the lawyer's knowledge of the debtor's bankruptcy to the creditor.

## I.   Factual Background

Cery Bradley Perle filed for bankruptcy under Chapter 7 of the Bankruptcy Code in 2001. Among Perle's outstanding debts was a $350,000 arbitration award to Fiero Brothers, a New York securities dealer. The award was made in 1998 by a National Association of Securities Dealers (NASD) arbitration panel, which found that Perle had committed securities fraud. Fiero Brothers was represented in the arbitration by a New York-based lawyer named Martin Russo, but Russo did not continue to represent Fiero Brothers in the matter after the arbitration. Instead, Fiero Brothers retained California counsel to confirm the award in the California Superior Court and to obtain an enforceable judgment against Perle. Russo did, however, continue to

represent Fiero Brothers in other unrelated matters after the arbitration.

In his bankruptcy filing, Perle didn't list Fiero Brothers or the $350,000 arbitration award as such on his Schedule E, a form on which a Chapter 7 debtor is required to list creditors with unsecured priority claims.    Instead, he listed "NASD/NASD Regulation" as the creditor on the arbitration debt, and said that the amount of the debt was "unknown." He also reported that the debt was incurred in 1999 (rather than 1998), and that the consideration for it was "Arbitration." At the top of the Schedule E, there was a space to identify the type of priority claims listed below. Perle wrote "Taxes, Governmental Debts." Finally, although Perle listed specific creditors to whom he owed other NASD arbitration awards on his Schedule F, a form for *non*priority claims, he did not name Fiero Brothers on that form either.

Two months after Perle filed for bankruptcy, Corsair Capital Partners, a private equity firm, filed a nondischargeability complaint against Perle relating to a default judgment that it had obtained against him. Corsair was represented in the bankruptcy matter by Russo, the same lawyer who had previously represented Fiero Brothers in the arbitration. Although Russo was obviously aware of Perle's bankruptcy, and was still representing Fiero Brothers in other matters, he never informed Fiero Brothers of the pending Perle bankruptcy.

In March 2002, Perle received a general discharge of his debts and his bankruptcy was closed. Over four years later,

in September 2006, Fiero Brothers[1] filed a motion to reopen Perle's bankruptcy in order to challenge the dischargeability of the arbitration award. The bankruptcy court granted the motion, and subsequently declared the arbitration debt nondischargeable. That determination was upheld by the Bankruptcy Appellate Panel. Perle appeals.

## II. Timeliness of Fiero Brothers' Challenge

Perle's first argument is that Fiero Brothers' challenge to the dischargeability of the arbitration debt was untimely. Under Federal Rule of Bankruptcy Procedure 4007(c), a creditor generally has 60 days from the first date set for the creditors meeting to file a nondischargeability complaint for certain kinds of debts. Fiero Brothers' nondischargeability complaint was obviously late, and by years. But there is an exception to the 60-day rule. Under 11 U.S.C. §§ 523(a)(3) and (a)(6), debts that result from a debtor's willful and malicious acts that injure others remain nondischargeable if they are not listed in the debtor's schedules "in time to permit . . . timely filing of a proof of claim and timely request for a determination of dischargeability of such debt . . . , unless such creditor had notice or actual knowledge of the case in time for such timely filing and request." The bankruptcy court relied on this exception to find that Perle's debt to Fiero Brothers was nondischargeable.

Perle doesn't quibble that his debt to Fiero Brothers is of the type that is nondischargeable under 11 U.S.C.

---

[1] Fiero Brothers had assigned the arbitration award to Alfonso Fiero, who individually filed the challenge to the dischargeability of the debt in the bankruptcy court. For simplicity, we refer to Fiero Brothers as the creditor throughout this opinion.

§§ 523(a)(3) and (a)(6). To get around the exception, he must therefore establish either that he adequately identified the debt on his Schedule E, or if not, that Fiero Brothers nonetheless had notice or actual knowledge of his bankruptcy. He maintains he has established both.

### A. Perle's Schedule E

The information about the arbitration award debt that Perle listed on his Schedule E was patently inaccurate. Although Perle tries to downplay it, the description he provided was so nebulous that it was impossible to tell that it was Fiero Brothers to whom he was actually indebted. For example, although the arbitration panel ruled unambiguously that Perle was liable to Fiero Brothers in the amount of $350,000.00, Perle didn't name Fiero Brothers on the Schedule E nor did he list the amount. Instead, he incorrectly reported the debt was owed to "NASD/NASD Regulation," and he stated the amount was "unknown." He also misstated the date the debt had been incurred, listing it as 1999 even though the arbitration panel made the award in 1998. On top of all of that, the award was neither a "tax" nor a "governmental debt," as Perle represented on the top of the Schedule E.

Perle argues that because the arbitration panel's ruling was titled "NASD Regulation, Inc.," he reasonably believed that the debt was owed to the NASD and not to Fiero Brothers. We doubt it. The arbitration panel's ruling was actually titled "Award," and "NASD Regulation, Inc., Office of Dispute Resolution" was a mere subheading on the panel's written judgment. Regardless, Perle had testified in the 1998 arbitration and knew that it was Fiero Brothers, not the NASD, who had obtained the award against him. Moreover,

Perle listed other creditors to whom he owed NASD arbitration awards by their names on his Schedule F, which suggests that he knew exactly how to list Fiero Brothers on his bankruptcy schedules but chose not to.

*Ellett v. Stanislaus*, 506 F.3d 774 (9th Cir. 2007), is instructive. In that case, a Chapter 13 debtor notified the California Franchise Tax Board of his bankruptcy but misstated the final digit of his social security number so that the board couldn't conveniently locate his records and file a timely proof of claim. *Id.* at 776–77. Although the board could have identified the debtor with only a little diligence, we held that it had no responsibility to; the burden was on the debtor, in the first instance, to list the information correctly. *Id.* at 781. Perle's serial mischaracterization of known details of the 1998 arbitration award was far more egregious than the apparently inadvertent transposition of a single digit of a social security number in *Ellett*. We conclude that Perle's Schedule E did not provide Fiero Brothers with proper notice of his bankruptcy.

## B. Fiero Brothers' Imputed or Actual Knowledge

Fiero Brothers' challenge to the dischargeability of the debt may still have been untimely if it nonetheless "had notice or actual knowledge of the [bankruptcy]" in time to file a timely nondischargeability complaint. 11 U.S.C. § 523(a)(3). This leads to Perle's alternative argument, which is that Russo's knowledge and awareness of the bankruptcy should be imputed to Fiero Brothers on an agency theory. Ordinarily, a lawyer is a client's agent and, consistent with agency law, clients "are considered to have notice of all facts known to their lawyer-agent." *Ringgold Corp. v. Worrall*,

880 F.2d 1138, 1141–42 (9th Cir. 1989). But the agency principle doesn't neatly fit this case.

Russo had stopped representing Fiero Brothers in relation to the dispute with Perle more than three years before Perle filed for bankruptcy. In fact, well before Perle initiated his bankruptcy, Fiero Brothers retained California counsel who were unaffiliated with Russo to pursue the debt. "[O]rdinarily, an attorney-client relationship is terminated once representation is completed." *Damron v. Herzog*, 67 F.3d 211, 213 (9th Cir. 1995). And, generally speaking, a lawyer's authority to represent a client ends "because the lawyer has completed the contemplated services." Restatement (Third) of the Law Governing Lawyers § 31 (2000). Here, the "contemplated services" that Russo performed for Fiero Brothers consisted of handling the arbitration. Once the arbitration ended, Russo no longer represented Fiero Brothers with respect to it. He did continue to handle other unrelated matters for Fiero Brothers, but this is of little significance considering that a lawyer's representation of a client is subject-matter specific.

Additionally, Russo learned of Perle's bankruptcy on behalf of a different client, Corsair, who was contesting the dischargeability of its own debt. This distinguishes Perle's case from two cases on which he relies, *Lompa v. Price (In re: Price)*, 871 F.2d 97 (9th Cir. 1989) and *In re Linzer*, 264 B.R. 243 (E.D.N.Y. 2001). In both of those cases, the lawyer who received notice of the debtor's bankruptcy was still representing the creditor in relation to the debt that was owed. Here, in contrast, Russo received notice of Perle's bankruptcy as Corsair's counsel, not as Fiero Brothers'.

Perle has identified no case, nor are we able to find one, that imputes to a client knowledge that his lawyer gained while representing a *different* client. In fact, the authority is to the contrary. In *Maldonado v. Ramirez*, 757 F.2d 48 (3rd Cir. 1985), the Third Circuit held that "an attorney given notice of the bankruptcy on behalf of a particular client is not called upon to review all of his or her files to ascertain whether any other client may also have a claim against the bankrupt." *Id*. at 51. We agree with this statement, and think that a contrary rule would impose an undue burden on counsel. Because Russo no longer represented Fiero Brothers on the debt matter when Perle filed for bankruptcy, and learned of the bankruptcy filing only in the course of representing a different client, we are unwilling to impute the notice or actual knowledge of Perle's bankruptcy filing that he had to Fiero Brothers.

We affirm the BAP's ruling that the arbitration debt was nondischargeable under §§ 523(a)(3) and 523(a)(6) of the Bankruptcy Code. Because we find that the debt was nondischargeable under these sections, we don't reach the question whether it was also nondischargeable under § 523(a)(19).

**AFFIRMED.**