**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY JO KELLER, the surviving mother, in her own right and on behalf of all statutory beneficiaries and as personal representative for the Estate of deceased Amanda Keller, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No. 17-17194 <br><br> D.C. No. 2:11-cv-02345-PGR <br><br> **MEMORANDUM**<sup>*</sup> |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted December 6, 2019
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,<sup>**</sup> Senior
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dean D. Pregerson, Senior District Judge for the
Central District of California, sitting by designation.

Mary Jo Keller ("Keller") appeals the district court's grant of summary judgment in favor of the United States and its denial of her motion for reconsideration of claims under the Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Keller's daughter died on September 7, 2007, after her car broke through a median cable barrier and struck another vehicle on Interstate 10 in Arizona. Keller's claims accrued on this date. *See Hensley v. United States*, 531 F.3d 1052, 1057 (9th Cir. 2008). Keller had two years from that date to present her claims to the appropriate federal agency. *See* 28 U.S.C. §§ 2675(a), 2401(b). However, Keller did not file a claim with the Federal Highway Administration ("FHWA") until December 16, 2010, well after the limitations period had run.

"We review de novo a district court's interpretation of the statute of limitations under the FTCA, and its decision as to whether a statute of limitations bars a claim." *Hensley*, 531 F.3d at 1056 (internal citations omitted). The district court properly found that Keller's action was time-barred unless equitable tolling applied. *See United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). For equitable tolling, Keller must show that (1) she pursued her rights diligently and (2) an extraordinary circumstance "stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted);

2

*see also Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 756 (2016) (holding that both prongs must be satisfied).

The district court found that Keller did not pursue her rights diligently, on the ground that her attorney had knowledge of the United States' potential liability before the expiration of her FTCA limitations period, based on other cases he litigated involving the same Arizona cable barrier design at issue here. In so holding, the district court erred. Keller's lawyer's knowledge, acquired in different cases, cannot be imputed to Keller for the purposes of equitable tolling. *See In re Perle*, 725 F.3d 1023, 1027–28 (9th Cir. 2013) (holding in the bankruptcy context that a lawyer's knowledge of a debtor's bankruptcy could not be imputed to the lawyer's creditor client because the knowledge was gained while representing a different client).

Keller's equitable tolling argument nonetheless fails because she has not satisfied the second prong. She did not show that extraordinary circumstances—via a theory of fraudulent concealment—prevented her from timely filing her administrative claim. A litigant invoking fraudulent concealment must allege facts showing "affirmative conduct" that would "lead a reasonable person to believe that he did not have a claim for relief." *Rutledge v. Bos. Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978); *see also Conmar Corp. v.*

*Mitsui & Co. (USA), Inc.*, 858 F.2d 499, 502 (9th Cir. 1988) (holding that the appellant must show that the appellee "affirmatively misled" it). Keller has not shown that FHWA officials affirmatively misled her. The 2005 FHWA memorandum erroneously stating that the at-issue median cable barrier design was compliant with mandatory guidance was not a fraudulent misrepresentation. Moreover, the United States' potential liability in this case should have been apparent, both from the accident's occurrence on an interstate highway, and the 2005 memorandum, which indicated the FHWA's role in approving median cable barriers. Even if the FHWA had discovered its negligence after publishing the 2005 memorandum, it had "no general duty to announce that fact to the world at large." *Dyniewicz v. United States*, 742 F.2d 484, 487 (9th Cir. 1984).

**AFFIRMED.**